**STATE of Missouri, Respondent,**

v.

**Willie Ivory HOSKINS, Jr., Appellant.**

**No. 58251.**

Supreme Court of Missouri,
Division No. 2.

Oct. 14, 1974.

Motion for Rehearing or to Transfer to Court
En Banc Denied Nov. 12, 1974.

John C. Danforth, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Karl F. Lang, St. Louis, for appellant.

STOCKARD, Commissioner.

Appellant has appealed from the judgment of the Circuit Court of the City of St. Louis entered pursuant to jury verdict whereby he was found guilty of (1) murder in the first degree of Nellie Mae Williams, and (2) attempted robbery. Appellate jurisdiction is in this court by reason of the order of this court dated April 9, 1973. We reverse and remand because of

an erroneous and insufficient instruction pertaining to circumstantial evidence.

The State submitted its case as to the charge of murder on the felony-murder doctrine in that while engaged in the felony of attempted robbery in the first degree, appellant wrongfully caused the death of Nellie Mae Williams. Appellant, on this appeal, challenges the sufficiency of the evidence to support a finding that he attempted to rob. Since that is the felony upon which the submission of murder under the felony-murder doctrine was based, if the evidence was insufficient as to the charge of attempting to rob, the conviction of murder in the first degree cannot stand.

We need not set forth the evidence in detail. This judgment must be reversed for other reasons, as subsequently set out, and the evidence concerning the attempt to rob on a retrial, if one is held, may not be the same as it is on this appeal. It is sufficient to say that if a ruling was required on the evidence before us, we would hold it to be sufficient, particularly in view of the statement of the victim's father on cross-examination that he told the police that appellant had said, "This is a stick-up." However, in the event of another trial careful consideration should be given whether to submit the charge of murder on the felony-murder doctrine or on the conventional submission of murder.

Instruction No. 5 was as follows:

"Circumstantial evidence is the proof of facts or circumstances that give rise to a reasonable inference of other facts that tend to show the guilt or innocence of the defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict."

■ It is not necessary to give an instruction on circumstantial evidence unless that character of evidence alone is relied on for conviction. State v. Huff, 353 Mo. 791, 184 S.W.2d 447 (1945). We need not decide whether such an instruction was required in this case because, if given though not required, it must be correct, and it "should cover the subject fully, and give such instruction as has frequently met with approval of this court." State v. Salmon, 216 Mo. 466, 115 S.W. 1106 (1909). Instruction No. 5 does not meet the minimum requirements set forth in State v. Burke, 462 S.W.2d 701 (Mo.1971), which is as follows:

"* * * no certain and specific terminology is required in a circumstantial evidence instruction so long as it advises the jury, in substance, that the circumstances proved must be consistent with each other and with the hypothesis that the defendant is guilty, and inconsistent with any theory of his innocence and with every reasonable hypothesis, except that of guilt."

MAI–CR was not effective when this case was tried. However, Instruction No. 5 follows the language of the first paragraph of MAI–CR 3.42, but it does not contain the second paragraph. It is there that the jury is instructed that it should not find the defendant guilty "unless the facts and circumstances proved are consistent with each other and the guilt of the defendant, and inconsistent with any reasonable theory of his innocence." This is the language required by State v. Burke, supra, but which is not in Instruction No. 5.

■ We note that MAI–CR is now in effect, and that the language in the Burke case that "no certain and specific terminology is required" is no longer appropriate. See Rule 20.02(c) and 20.02(e), V.A.M.R.

The judgment is reversed and the cause remanded.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

All of the judges concur.