STATE of Missouri, Respondent,

v.

Jack Dean YEOKUM, Appellant.

No. KCD 26753.

Missouri Court of Appeals,
Kansas City District.

Nov. 4, 1974.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 2, 1974.

Application to Transfer Denied
Jan. 13, 1975.

James F. Crews, Kibbe, Crews & Gaw,
Tipton, for appellant.

John C. Danforth, Atty. Gen., Philip M.
Koppe, Asst. Atty. Gen., Jefferson City,
for respondent.

Before DIXON, C. J., and SHANGLER
and WASSERSTROM, JJ.

WASSERSTROM, Judge.

Appellant was charged with burglary of
Randy's Market in Prathersville, Missouri,
and the theft therefrom of a World War I
Commemorative .45 Colt pistol. After con-
viction by a jury, appellant was sentenced
under the Second Offender Act to ten
years for burglary second degree and five
years for stealing, those sentences to run
concurrently.

The State's case consisted of the testi-
mony of two witnesses, Randall Whitesides
and Larry Duncan. Whitesides was a vol-
unteer special Boone County Deputy Sher-
iff and owner and operator of Randy's

Market, a combined grocery and sporting goods store. Duncan was a regular Deputy Sheriff of Boone County.

At about 11:30 P.M., September 29, 1972, Whitesides, after having locked up Randy's Market, proceeded to the Boone County Sheriff's office where he met and began to ride with Deputy Sheriff Duncan. In the course of the evening, they had occasion to make a routine check of Randy's Market. They discovered the front door was secure but that in the rear of the store, a light bulb that was always left on was unscrewed; a five gallon pail was overturned under the light; and a deep freeze, used to store ice, was unplugged. After calling for permission to stake out the store, the two entered through the front door, relocked it behind them, and hid themselves near the checkout stand in the front of the store.

Whitesides and Duncan watched while a gray four-door Valiant let out a passenger who proceeded to the rear of the building. Later the Valiant was also driven to the rear of the building. After several minutes of banging and scraping from the area of the rear door, there was a sudden squealing of tires (spinning on the asphalt) and the rear door came slamming open. About thirty seconds later, appellant and another man walked up through the store. They proceeded to the front of the store where there was a glass display case containing pistols.

Appellant removed all the pistols from the display case and laid them on top. He took a sack from the checkout stand and began putting the pistols into the sack. His companion reached up to a shelf (apparently somewhere outside the display case), where there was a World War I Commemorative .45 caliber pistol, removed it from that shelf, and laid it on the top of the display case with the other pistols. Both men, while in the course of these activities, were arrested by Duncan and Whitesides.

The day before this cause was set for trial the information charging second degree burglary and larceny was amended to charge a prior conviction under § 556.280, RSMo 1969, V.A.M.R., the Second Offender Act. A motion for a continuance was made by appellant's counsel, on the ground that the amendment to allege the Second Offender Act was unfair as he did not have time to prepare to meet the additional charge of the amended information. The trial judge heard arguments on the motion and overruled it immediately before commencement of the trial.

 Appellant's first allegation of error is "that the trial court erred in not granting appellant's request for a continuance in order to allow defense counsel to meet the additional burden of defending the amended information charging appellant under the Second Offender Act." This allegation is sufficiently answered by the fact that the motion for continuance was not verified as required by Rule 25.08, V.A.M.R. Moreover, appellant made no adequate showing of "good cause" as required by that Rule. Amending the information to charge a prior conviction did not constitute the charging of a separate or different offense, but could only have the effect of an enhanced penalty and assessment of punishment by the court instead of by the jury. State v. Hill, 396 S.W.2d 563 (Mo.1965); State v. Collins, 383 S.W.2d 747 (Mo.1964). Appellant did not allege or show any additional or special burden in the preparation for trial occasioned by the amendment. The application for a continuance was addressed to the sound discretion of the trial court, and a reviewing court will not interfere unless it clearly appears that such discretion has been abused. State v. LeBeau, 306 S.W.2d 482, 486 (Mo.1957). No abuse of discretion appears here.

█ Appellant's second allegation of error is "that Instruction 11, the Burglary and Larceny verdict director, was defective in that the jury did not have to find consent or lack of consent of the owner of property allegedly stolen." The instruction

given was MAI–CR 7.34. Although this form of instruction was not then mandatory, since the trial here occurred before January 1, 1974, the date when the new forms became effective, nevertheless, it is not open to us to declare erroneous the use of that form which now has been adopted for standard use by the Supreme Court.

The third and final allegation of error is "that appellant was charged with stealing a pistol and no evidence was before the jury to connect appellant with the theft of the item charged by the information." At the time of oral argument before this court, appellant's counsel voluntarily abandoned this point and it therefore need not be discussed.

Affirmed.

All concur.