**STATE of Missouri, Respondent,**

v.

**Wayne BILLINGSLEY, Appellant.**

**No. KCD 28060.**

Missouri Court of Appeals,
Kansas City District.

Dec. 31, 1975.

Motion for Rehearing and/or Transfer
Denied Feb. 9, 1976.

Application to Transfer Denied
April 14, 1976.

· Ralph E. Smith, Butler, for appellant.

John C. Danforth, Atty. Gen., Sheila K. Hyatt, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WASSERSTROM and SOMERVILLE, JJ.

WASSERSTROM, Judge.

The information charged defendant with forcible rape. The jury found him guilty

and assessed punishment at 13 years imprisonment. On this appeal, defendant raises the single point that the instructions were submitted in incorrect order.

The instructions aggregated ten in number. The first two, copying MAI–CR 2.01 and 2.02, were general instructions given to the jury prior to reception of any evidence. After the close of the evidence and before argument of counsel, the court gave the remaining eight instructions in the following sequence:

No. 3—copied from MAI–CR 2.20—burden of proof and presumption of innocence.

No. 4—patterned on MAI–CR 2.02 and 6.40—the verdict director.

No. 5—patterned on MAI–CR 3.04—a converse instruction.

No. 6—patterned on MAI–CR 3.58—limiting the relevancy of defendant's prior convictions.

No. 7—patterned on MAI–CR 2.03—"facts not assumed."

No. 8—copied from MAI–CR 2.80—jury procedure and use of verdict forms.

No. 9—patterned on MAI–CR 4.50—if the jury finds defendant guilty but is unable to agree on punishment, the court will do so.

No. 10—patterned on MAI–CR 2.68—concerning closing argument of counsel.

Defendant complains that the foregoing sequence violated the Notes on Use applicable to MAI–CR. Under the Note to MAI–CR 2.03, that instruction should be the first given at the close of the evidence; so that Instruction No. 7 in this case should have been given as Instruction No. 3. Similarly, the Note under MAI–CR 2.80 provides that it should be given immediately before the last instruction; so that Instruction No. 8 in this case should have been given in the position of Instruction No. 9. Rule 20.02(e) provides that the violation of any applicable Note on Use shall constitute error. As defendant correctly points out, the case law establishes that any such error must be deemed prejudicial unless the contrary clearly appears. Defendant argues that the burden of proof to show non-prejudice was on the State and that the State failed to carry that burden.

It cannot be overemphasized that the present Missouri Approved Instructions, both civil and criminal, contemplate religious observance both as to the forms themselves and the instructions contained in their Notes on Use. Wisdom dictates against any variation from these mandatory instructions, since any change unnecessarily places at hazard the results of an entire trial, attained at the expense of much time, energy and cost.

Nevertheless, not every deviation will have a fatal result. Rule 20.02(e) relating to criminal instructions, just like Rule 70.01(c) which covers civil instructions, provides that in the event of a deviation the prejudicial effect is to be judicially determined. In the application of Rule 70.01(c), a number of cases have found a minor variation to be non-prejudicial: *State Farm Mutual Automobile Ins. Co. v. Jessee*, 523 S.W.2d 832, 836 (Mo.App.1975), and cases cited therein; *Ernst v. Emerick*, 525 S.W.2d 573, 574 (Mo.App.1975). Cases under Rule 20.02(e) have similarly determined certain minor variations to be non-prejudicial: *State v. Vernor*, 522 S.W.2d 312, 316–317 (Mo.App.1975); *State v. Fox*, 521 S.W.2d 507, 510–511 (Mo.App.1975).

Seeking to have the general rule applied here, rather than the above exception dealing with minor non-prejudicial deviations, defendant relies upon *Crystal Tire Co. v. Home Service Oil Co.*, 525 S.W.2d 317 (Mo. banc 1975). That case is readily distinguishable. In *Crystal Tire*, the plaintiff sued for fire and explosion damage to property, asking recovery from two defendants on the theory of res ipsa loquitur. Those two defendants cross claimed against each other, each cross claim being in two counts. One count in each cross claim prayed indemnification for any judgment rendered in

favor of the plaintiff, on the theory that the respective cross claim defendant was the party guilty of active rather than passive negligence; and the second count of each cross claim sought recovery for fire damage to property on the theory of specific negligence on the part of the cross claim defendant. Twenty-three different instructions were required in order to present to the jury all of the diverse issues. As one of its points on appeal, defendant Home Oil complained of the order in which Instruction No. 2 was given, on the ground that the instruction in question was based on MAI 2.02 which was required in the Notes on Use to be given immediately before the verdict directing instruction. In holding that the failure to give this instruction in the required order was error, the opinion states:

"The number and nature of the several factual issues in this case illustrate the need for the giving of this instruction at the point required by its Notes on Use."

In contrast, the present case involves just one defendant and only a single offense. The factual problem for the jury was relatively simple, with the trial completed in one day. The prosecutrix testified that the defendant came to her home, demanded money, then lifted her bodily and carried her to a bedroom, threw her on a bed and committed forcible rape. The defendant testified that his sole purpose for coming to the prosecutrix's home was to solicit a job of house painting, that he only briefly and slightly entered the house, and he totally denied any physical assault upon the prosecutrix. Thus the case presented the jury with a single, narrow, sharply defined issue. Essentially it had to choose between two contradictory witnesses. A more striking contrast between this relatively simple case and the very complex *Crystal Tire* case would be hard to imagine.

The change of order in the jury instructions created no likelihood of confusion or misleading of the jury under the particular circumstances here. The error in this respect was therefore nonprejudicial.

Affirmed.

All concur.