**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Jerome Alfred CRAFTON,**
**Defendant-Appellant.**

No. 39073.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 14, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 13, 1979.

Application to Transfer Denied
May 17, 1979.

Mary-Louise Moran, Asst. Public Defender, 22nd Judicial Circuit, St. Louis, for defendant-appellant.

Gregory W. Schroeder, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Presiding Judge.

Defendant appeals from a conviction of the sale of a Schedule I controlled substance, namely, marijuana, in violation of § 195.200(1), (5), RSMo 1969. The original information charged defendant with two counts for the sale of marijuana, and one count for the possession of marijuana. A jury found defendant guilty on both counts of sale, but acquitted him of the possession charge. Pursuant to the Second Offender Act, the trial court sentenced defendant to thirteen years on each count, the sentences to run concurrently.

On appeal, defendant's brief attributes two errors to the trial court. He first cites as error the trial court's refusal to substitute the term "controlled substance" for the word "drug" in its instructions to the jury. Secondly, he claims the trial court departed from its prescribed role as impartial administrator of justice by its trial conduct, to the prejudice of defendant, and thus committed reversible error.

All three counts contained in the information refer to events that transpired on three separate occasions. The sales were alleged to have taken place on March 2, 1976 and March 5, 1976; the possession on May 14, 1976. However, the activities giving rise to this appeal took place at trial.

At the instruction conference, several instructions were tendered by the defense and refused by the court. These instructions followed the approved form of MAI–CR 14.10 with the single deletion of the term "drug" and substitution of the phrase "controlled substance". We address our initial efforts to this instruction issue.

The thrust of defendant's argument is this: The form instructions of MAI–CR were intended to be modified so as to more precisely pertain to the facts of a particular case. Since the term "controlled substance" is a more accurate description of defendant's wares, these instructions were modifiable to that extent, and refusal to so modify constituted reversible error. To this end, defendant's brief adopts a lengthy and somewhat attenuated argument, based on semantics, in support of his proposition. Without weighing the appropriate definitions of "drug" or "controlled substance", and the merits of using one term as opposed to another, we find defendant's argument strained, at best.

The defense cites no instance, and we are aware of none, where the giving of the approved MAI–CR instruction resulted in prejudicial error. Indeed, in light of Rule 20.02(c) and (e), we should be most surprised to find such a ruling.[1] Conversely, research disclosed numerous cases where either 1) Adherence to the approved instructions did not constitute error; *State v. Dodson*, 556 S.W.2d 938[34] (Mo.App.1977); *State v. Blockton*, 526 S.W.2d 915[9] (Mo. App.1975); *State v. Yeokum*, 516 S.W.2d 535[3] (Mo.App.1974); or, 2) *Failure* to so adhere did constitute error, but its prejudicial effect was to be judicially determined. *State v. Grant*, 560 S.W.2d 39[10] (Mo.App. 1977); *State v. Tettamble*, 561 S.W.2d 414[4] (Mo.App.1977). Following the mandate of these cases, we hold that the use of those instruction forms, without modification, which have been approved for use by the Missouri Supreme Court, did not constitute error. *Blockton, supra; Yeokum, supra.*

Defendant next contends the trial court departed from its prescribed role as impar-

---

1. Rule 20.02(c) and (e) provide:·

(c) Whenever there is a MAI–CR instruction or verdict form applicable under the law to the facts, the MAI–CR instruction or verdict form shall be given or used to the exclusion of any other on the same subject.

(e) Giving or failing to give an instruction or verdict form in violation of this Rule or any applicable Notes on Use shall constitute error, its prejudicial effect to be judicially determined.

tial administrator of justice, to the prejudice of defendant, by its conduct in: 1) Chastising the defense attorney during voir dire proceedings in front of prospective jurors; and, 2) Questioning only those witnesses called by the defense, allegedly demonstrating to the jury the trial court's doubt as to the veracity of these witnesses.

■ The comments the defense attorney complains of occurred at the bench and supposedly out of the hearing of the jury. The defendant, however, avers that the court's remarks were loud enough for the jury to hear. During voir dire examination of jurors, defense counsel posed a question to a juror, the court said the question was improper and asked the attorney to step to the bench. At the bench, among other comments, the court indicated further attempts to pursue that line of questioning would find defendant cited for contempt. The defense attorney then stated into the record his conception as to what had occurred. After further discussion at the bench, the following transpired:

> *The Court*: You had some comment there. You said I was talking too loud or chastised you in front of the jury. Now are you asking the request for a mistrial [sic]?
>
> *Mr. Fredman* [Defense Counsel]: I am not.
>
> *The Court*: Are you making a request of any other release [sic]?
>
> *Mr. Fredman* [Defense Counsel]: No, your honor.
>
> *The Court*: All right.

In *State v. Nevills*, 530 S.W.2d 52 (Mo. App.1975), the court considered the threatened contempt in front of the jury. No objection was made and the court said that if the defendant believed that the court's remarks prejudiced his case, he should object immediately and afford the court an opportunity to correct any erroneous impressions. While we might broadly consider the record made as an objection, defendant requested no further relief and cannot complain now. In *State v. Nevills, supra*, the court considered the remark, even though not preserved, and found no prejudice to the defendant. Based upon the record in

this case as to the events relating to the voir dire, we reject defendant's contention that the court committed reversible error.

■ Lastly, with reference to the questioning of defense witnesses by the court, it has been held that a trial court may actively participate in the proceedings and ask questions of witnesses, if not in the manner of a prosecutor. *State v. Tash*, 528 S.W.2d 775[20–27] (Mo.App.1975); *State v. Pearson*, 519 S.W.2d 354[7–9] (Mo.App.1975); *Morris v. State*, 547 S.W.2d 827[6–7] (Mo. App.1976). However, the court may not demonstrate by its conduct an attitude of bias or hostility against the defendant or the merits of his defense. *Tash, supra; Morris, supra.*

Our review of the transcript, and the questions posed by the trial court, failed to disclose the requisite bias or hostility so as to justify a finding of prejudicial error. The questions were brief and conveyed no sense of partiality. The trial court acted within the bounds of propriety. Accordingly, defendant's last point is, also, denied.

Affirmed.

CLEMENS and GUNN, JJ., concur.