STATE of Missouri, Respondent,

v.

Gus GRADY, Jr., Appellant.

No. KCD 29937.

Missouri Court of Appeals,
Western District.

Feb. 26, 1979.

Joe L. Moseley, Asst. Public Defender, Columbia, for appellant.

Paul R. Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOF-FORD, C. J., and WASSERSTROM, J.

PER CURIAM:

Defendant appeals his judgment and sentence on conviction for the offense of rape and kidnapping. Affirmed.

The sole issue presented on this appeal is a challenge to MAI–CR Approved Notes on Use which provide as follows:

(As to MAI–CR 2.04) "A general converse must not be included in the verdict directing instructions (1) where an affirmative defense has been submitted * * "

(As to MAI–CR 2.30) "If there is such evidence [of mental disease or defect excluding responsibility], the following rules will govern the use of the following instructions in the 2.00 and 3.00 series:

c. None of the State's verdict directing instructions should include the general converse reading, 'However if you do not find and believe etc.' "

At trial, defendant, by prior notice timely filed, relied on a defense of mental disease or defect, but not as the sole defense. His contention is that instructions given by the trial court in admitted conformity with the above cited MAI–CR Notes on Use misdirected the jury either to deny him the benefit of acquittal if they did not believe each element of the State's case was proven beyond a reasonable doubt, or to limit the option for acquittal to a finding of mental disease or defect under the affirmative defense instruction. Each point, while related alternatively to the State's verdict directing instruction and defendant's affirmative defense instruction, centers on omission of the general converse, first from the State's two verdict directing instructions, and second from defendant's affirmative defense instruction.

Defendant cites no authority in support of the alleged points of error, but apparently assumes that this court may direct some alteration in MAI–CR and the Notes on Use. In fact, the contentions presented by defendant offer nothing for review by this court. It is not open for this court to declare erroneous those instruction forms which have been adopted for standard use by the Supreme Court. *State v. Yeokum,* 516 S.W.2d 535 (Mo.App.1974). Notes on Use, in like manner as the Missouri Approved Instructions, are to be religiously observed without variation. *State v. Billingsley,* 534 S.W.2d 484 (Mo.App. 1976).

■ While acknowledgment by defendant that the instructions given were in the precise forms required by MAI–CR resolves the issues as briefed by defendant, the substance of defendant's complaint of prejudice under the form of the instructions prompts review of all the instructions considered together.

Instructions 6 and 10 patterned on MAI–CR 2.33 advised the jury that a decision as to the affirmative defense of mental disease or defect was only required if the initial issue of guilt under the State's verdict directing instruction had been made adversely to defendant. Instructions 7 and 11 following the form of MAI–CR 3.70 directed the jury's attention to both defenses, denial of commission of the crime and incapacity by reason of mental disease or defect. Instruction 15, form MAI–CR 2.70, advised the jury of three possible verdicts on each count.

■ Viewed as a whole, the instructions fully submitted for the jury's consideration all aspects of the case. The claim of prejudice to defendant is without merit.

Judgment affirmed.