**STATE of Missouri, Respondent,**

v.

**Willie M. WARD, Appellant.**

**No. 39451.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 9, 1979.

---

1. In effect at the time of the offense, January 14, 1978.

Roy A. Walther, III, Crouppen, Walther, Zwibelman & Walsh, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant-appellant, after trial by jury, was found guilty of attempting to obtain money by means of a false check and, as a second offender, was sentenced by the trial court to a term of five years in the Missouri Department of Corrections. Evidence adduced at trial supporting the finding of guilty was extensive.

On appeal, defendant urges that his conviction be reversed on three grounds. He first maintains that he was prejudiced by the inclusion on the jury over his objection of a venireman who had several connections with law enforcement personnel together with prior experiences as a crime victim and juror. Secondly, defendant objects to certain general comments made by the trial judge to the jury regarding their role and function in the trial process during his reading of MAI–CR 2.01 and 2.02. Finally, defendant complains that it was fatally prejudicial to have given MAI–CR 2.80, governing deliberation procedures, out of the prescribed sequence and following closing arguments rather than before the summations and MAI–CR 2.68 as required by the MAI–CR Notes on Use. For the reasons stated below, we affirm.

Returning to defendant's first point, he specifically complains that he was prejudiced in that the juror in question had a brother who was a deputy sheriff, that he knew one of the deputies assigned to the courtroom for the trial, and that he was acquainted with the circuit attorney. Further, the juror had been a crime victim two years prior to the trial, and had served on a jury in a civil case about three years earlier. The juror was questioned extensively by the court and counsel, and denied without hesitation that his experience or connections would prevent him from affording defendant a fair hearing.

Defendant admits that connections with law enforcement are not alone sufficient to automatically require disqualification of a juror, State v. Wraggs, 512 S.W.2d 257 (Mo. App.1974). This is especially true where, as here, the juror on voir dire disclaims any predisposition unfavorable to the defendant as a result of his connections or experience, State v. Johnson, 534 S.W.2d 844 (Mo.App. 1976). Nevertheless, defendant maintains that the extent of this juror's experience and connections negates any possibility that he could afford defendant a fair and impartial decision despite his disclaimer of bias, and that the judge, not being necessarily bound by the juror's disclaimer, State v. Holliman, 529 S.W.2d 932 (Mo.App.1975), should therefore have granted defendant's motion to strike for cause.

Defendant's point is without merit. That the trial court is not necessarily bound to take the prospective juror's word as to his

impartiality at face value does not, conversely, require that the disclaimer of bias be altogether ignored upon showing of some experience or connection perceived as adverse to defendant. Many intangible factors going to the credibility of the juror, such as demeanor and appearance, are involved in the trial court's exercise of discretion in this regard, *State v. Wraggs, supra* at 259. All doubts are therefore to be resolved in favor of the trial court's decision, and we will not disturb that decision absent a clear and unmistakable showing of abuse of discretion, *State v. McGrew,* 534 S.W.2d 549 (Mo.App.1976). The record herein reveals only an unequivocal denial by the juror of any bias as a result of his relationships and experience following extensive questioning by counsel and the court. The trial court was well within its discretion in refusing to strike that juror as requested by defendant.

▆▆ In his next point, the defendant objects to certain comments made by the trial court during its reading of MAI–CR 2.01 and 2.02. The record shows that the trial court interrupted his reading of each instruction once to explain in simplified terms the rationales underlying some of the rules stated in the instructions and also to explain certain other trial events and procedures not covered by the instructions. He also made a few similar comments between readings of the two instructions and following completion of their reading. The instructions were read in their entirety and verbatim, and it appears from the record that the court interspersed its own commentary in such a manner that it would have been clear to the jury when the prepared instructions were being read as opposed to when the court was speaking extemporaneously. It also appears that the trial court's own comments were largely duplicative of information already in the jurors' possession in the form of the Handbook of Information for Jurors approved by the Missouri Bar that is distributed to prospective jurors in that circuit.

After examining the record relative to this assignment of error, however, we find that defendant has failed to preserve anything for review in this regard. It appears that defendant only objected to the court's comments some time after the reading of the instructions in question had been completed, and the court had gone on to address other matters.

If a litigant is to . . . complain of the action of the trial court in the conduct of a trial, he must make his objection to the action which he deems to be improper . . . . This objection . . must be "timely," that is, it must be made *when the occasion for the ruling desired first appears* . . . . Failure so to object . . . *when the opportunity presents itself,* is a waiver of the claimed error. (emphasis added). *Brown v. Thomas,* 316 S.W.2d 234, 237 (Mo.App. 1958); § 510.210 RSMo 1969.

Defendant's objection to the comments should have been lodged at the time they were made. Defendant may not allow possibly objectionable conduct to continue unchallenged for an extended period of time, and then ultimately pose an objection or motion, when he could have given the court an opportunity to correct and avoid the conduct complained of at its very inception.

Although we do not address this point on the merits, we find it appropriate to repeat our admonition in *Washington v. Sears, Roebuck and Co.,* No. 40617, handed down June 26, 1979, mot. to trans. den'd Sept. 11, 1979, 585 S.W.2d 137 (Mo.App.) to the effect that such oral digressions by trial judges during readings of the approved form instructions must not continue. The fact that this case is before us now on this very ground is apt illustration of the problem we sought to cure in *Washington*—the deluge of appeals that is inevitable so long as these discursive ventures during the reading of instructions continue.

In so remonstrating, we are aware that the practice of generally instructing the jury on its role and function in the judicial process is approved, if not encouraged, by Rule 69.02. However, the appropriate time for such discussions is *not* in the midst of a reading of the approved instructions, the

possibility of confusion and misunderstanding being too great. We note that the able and experienced trial judge did not have the benefit of our opinion in *Washington, supra,* at the time these events took place. We also note that many of the comments themselves were helpful, accurate, and, if given outside the context of the delivery of the instructions, commendable.

 Finally, defendant complains that the giving of MAI–CR 2.80, governing procedures for jury deliberation, after final arguments was reversible error. The Note on Use requires that 2.80 be given as the next-to-last instruction, before 2.68 and the summations. Non-compliance with a MAI–CR and accompanying Note on Use is indisputably error, the prejudicial effect of which, however, is to be judicially determined, *State v. Billingsley,* 534 S.W.2d 484 (Mo.App.1975); Rule 20.02(e). Defendant suggests that prejudice may have resulted from the giving of this instruction out of proper sequence in that the jury heard final arguments without being aware of the procedures of deliberation, which fact "may have altered how they listened to the summation." This assessment of prejudicial effect is entirely speculative. The record contains no indication that the jury in any way misunderstood, misused or misapplied the closing arguments of the parties to the detriment of the defendant. The instant case, like that in *State v. Billingsley, supra,* is a relatively simple one, involving a single defendant and a "single, narrow, sharply defined issue" of fact. There is virtually no likelihood the jury could have been in any way confused or misled by the giving of the instruction out of sequence. While it is extremely undesirable to depart from the prescribed order of instructions in that such deviation "places at hazard the results of an entire trial, attained at the expense of much time, energy and cost," *State v. Billingsley, supra* at 485, we nonetheless decline to disturb the result below for want of any indication of prejudice to the defendant.

Judgment affirmed.

GUNN and CRIST, JJ., concur.