STATE of Missouri,
Plaintiff-Respondent,

v.

Edgar E. SIMPSON,
Defendant-Appellant.

No. 11773.

Missouri Court of Appeals,
Southern District,
Division Two.

March 11, 1981.

Motion for Rehearing or Transfer
Denied April 2, 1981.

Application to Transfer Denied
May 11, 1981.

**32**

John D. Ashcroft, Atty. Gen., Jay D. Haden, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David R. Fielder, Springfield, for defendant-appellant.

BILLINGS, Judge.

Defendant Edgar Elwin Simpson was found guilty by a Greene County jury of second degree burglary [§ 569.170, RSMo 1978] and felonious stealing [§ 570.030, RSMo 1978] and sentenced as a persistent offender [§ 558.016(2), RSMo 1978] to consecutive 10–year prison terms.[1] His appeal challenges the sufficiency of the evidence to support the convictions and alleges instructional error. We affirm.

We recast the evidence in the light most favorable to the state, together with all favorable inferences therefrom, and ignore contrary evidence and inferences. *State v. Montgomery*, 591 S.W.2d 412, (Mo.App. 1979).

Mr. Arbeitman was the owner of a riding lawnmower which had cost $800 about five months before September 29, 1980. The mower was kept in a locked storage shed at the rear of Springfield apartment property owned by Mr. Arbeitman. On the evening of September 29 a tenant of an adjoining apartment building heard noises coming from the rear yard of the Arbeitman property. The yard was sufficiently illuminated for the tenant to identify defendant as one of three men who appeared to be breaking the lock on the storage shed by pounding on it. The tenant watched as the trio opened the storage shed door and pulled and pushed the mower out of the shed into the yard. The men then proceeded to cut some bushes so that they could push the mower

onto the driveway of the building where the tenant was located. The mower was moved down the driveway to a pickup truck and loaded into this vehicle by the defendant and his companions. The other two men left in the truck and the tenant saw defendant enter the Arbeitman apartment where he was living with a female friend. The manager of the Arbeitman apartment saw the truck driving away with the mower and immediately checked the storage shed. The locked hasp had been pried loose, the door was open several inches, and the mower was gone.

■ The jury could reasonably find from the foregoing facts that defendant and two other men broke and entered the storage shed and stole Mr. Arbeitman's mower. Defendant's point is denied.

■ There is no merit in defendant's attack of the two instructions concerning the punishments which the jury could impose in the event guilt was determined. Defendant contends the jury was misled because they, the jury, would conclude that the court could not impose a greater sentence than that fixed by the jury. This contention overlooks the fact that the instructions follow MAI–CR2d 2.60 and are required to be given where a defendant is charged with two counts of class C felonies. Notes on Use to MAI–CR2d 2.60 Note 2. This contention likewise ignores the fact that defendant was being prosecuted as a persistent offender under § 558.016(2), RSMo 1978, and, consequently, being found to be such, was sentenced to extended terms pursuant to § 558.021, RSMo 1978. A similar contention was advanced and rejected by our Supreme Court where the defendant was sentenced under the Second Offender Act, former § 556.280, RSMo 1969. It was mandatory for the court to give the instructions in the form prescribed. *State v. Lomack*, 586 S.W.2d 90 (Mo.App.1979). As observed by our Western District brethren in *State v. Grady*, 577 S.W.2d 930 (Mo.App.1979): "It is not open for this court to declare erroneous those instruction forms which have been adopted for standard use by the Supreme Court." Id. at 931.

---

1. The sentences were ordered to be served consecutive to a prior 10–year sentence.

Defendant's final point avers error in the verdict directing instructions because "they describe defendant as being an aider and then without explanation describe defendant as a principal." The burglary instruction combined MAI–CR2d 2.12 and 23.52 and the stealing instruction combined MAI–CR2d 2.12 and 24.02.1.

█ MAI–CR2d 2.12 must be given when there are two or more participants in the crime. Notes on Use 3, MAI–CR2d 2.10; *State v. Brown*, 607 S.W.2d 881 (Mo.App. 1980). Here, the elements of burglary, found in MAI–CR2d 23.52, and stealing, as contained in MAI–CR2d 24.02.1, were given within the framework of MAI–CR2d 2.12. True, Note 5 of Notes on Use, MAI–Cr2d 2.12 calls for a separate instruction defining the offenses initially contemplated if MAI–CR2d 2.12 is used, but we are unable to discern any prejudice to the defendant from this possible deviation. *State v. Clark*, 607 S.W.2d 817 (Mo.App.1980); *State v. Brown*, supra.

The judgment is affirmed.

All concur.