**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Stephen Arthur MEE,
Defendant-Appellant.**

**No. 42771.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 27, 1982.

Motion for Rehearing and/or Transfer
Denied June 18, 1982.

Mark Jones and several companions were playing near a church and the apartment complex where most of the boys lived. Behind a fence twelve to fifteen feet from the boys, a male voice said something to the effect of: "Do you black kids want to die?" or "Do you niggers want to die?" or "Do you niggers want to get shot?" Running away from the fence area, the boys heard sounds of bullets whistling past them. A bullet struck Mark in the head, causing his death within the next several hours. Police began their investigation at appellant's house, located on the other side of the fence. Appellant was not initially present, but officers arrested him when he returned a short time later. After police interrogation, appellant agreed to produce the weapon that they sought. He led the police to a residence not far from his home where they recovered a .22 calibre Winchester rifle.

On the following morning, June 17, 1979, appellant made two statements to the police. He said that he had spent the previous day drinking with two friends and test-firing the rifle inside his house. Appellant also stated that after dark, he took the rifle into his backyard and fired several shots in the direction of a church roof visible over a fence behind his house. When he heard screams, appellant left his residence and hid the rifle and shells. He then returned to his house, where he was met by police and arrested.

Appellant was charged with second degree murder. The court granted appellant's pretrial motion for a psychiatric examination and appointed an examining doctor. Prior to trial, appellant filed notice of his intention to rely upon the defense of diminished mental capacity. At trial, appellant offered evidence in support of this defense. He also offered evidence that he had not intended to shoot anyone on June 16, 1979. The jury returned a verdict of guilty of manslaughter and assessed punishment at imprisonment for ten years.

Appellant claims four points of error, all centering on jury instructions. Appellant's first point is that the trial court erred in its

Charles D. Sindel, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Tom W. DePriest, Jr., Asst. Pros. Atty., Clayton, for plaintiff-respondent.

DOWD, Presiding Judge.

Stephen Arthur Mee was found guilty of manslaughter [§ 565.005, RSMo 1978] by a jury and sentenced to ten years imprisonment. Defendant appeals.

The state's evidence showed that around 9:30 p.m. on June 16, 1979, thirteen-year-old

reading of MAI–CR 1.02 to the jury by excluding the following parenthetical sentences:

> (One of the issues of fact is whether at the time of the offense charged, the defendant was suffering from a mental condition, which, if found by the jury to have then existed, would have certain consequences in law about which the jury will be told at the close of all of the evidence in the case. The defendant is entitled to raise this issue without admitting either that the offense charged against him was committed or that he is guilty of it.)

Supreme Court Rule 28.02 requires the trial court to read MAI–CR 1.02 to the jury prior to voir dire. The trial court in this case complied, except that it omitted the parenthetical material. The Notes on Use following MAI–CR 1.02 do not address the omission or inclusion of that material. The section of MAI–CR2d entitled "How To Use This Book" states that "[p]arentheses enclose matter which may or should be either omitted or included depending upon the facts of the particular case submitted." It seems, then, that the court may or should include the parenthetical sentences whenever a case indicates that a defendant's mental condition will be an issue of fact for the jury.

■ Although § 552.030 RSMo 1978 consistently uses the phrase "mental disease or defect," case law has established that § 552.030.3(1) gives statutory recognition to the defense of "diminished mental capacity." *State v. Cason,* 596 S.W.2d 436, 438 (Mo.1980), *cert. denied,* 449 U.S. 982, 101 S.Ct. 397, 66 L.Ed.2d 243 (1980). The consequence of proving diminished mental capacity is to negate the element of state of mind necessary to the offense charged. *See State v. Anderson,* 515 S.W.2d 534, 539–40 (Mo. banc 1974). Where evidence supports this defense, the court must also instruct on lesser included offenses not requiring the disputed state of mind. *See id.* at 542. Thus, diminished mental capacity would appear to be a mental condition within the meaning of MAI–CR 1.02 "which, if found by the jury to have then existed, would have certain consequences in law . . . ."

■ There were several indications that appellant's mental condition (diminished mental capacity) would be an issue of fact for the jury. First, defense counsel requested a psychiatric examination of appellant. Second, appellant gave notice of his intent to rely on the defense of diminished mental capacity. Third, the examining psychiatrist was to be called as a defense witness in the case. We find, therefore, that the trial court erred in not reading the parenthetical material in MAI–CR 1.02.

■ Error in the giving of instructions in a criminal case is deemed prejudicial unless the contrary clearly appears. *State v. Clifton,* 549 S.W.2d 891, 895 (Mo.App.1977). We now consider the prejudicial effect of the error.

■ Appellant contends that he was entitled to raise the diminished capacity defense to second degree murder without admitting guilt of the lesser included offense of manslaughter. He argues that the omission of the parenthetical material prejudiced him by effectively permitting the jury to conclude that his defense constituted such an admission.

We believe that appellant misconstrues the second parenthetical sentence. His concern is that the jury might have perceived his defense as an admission of guilt of manslaughter; he contends the omitted material would have corrected this misperception. The omitted second sentence in MAI–CR 1.02 indicates, however, that a defendant is entitled to raise the issue of mental condition without admitting guilt of the *offense charged.* The offense charged here was murder in the second degree. The jury's verdict demonstrates that they did not deem appellant to have admitted the offense charged. Furthermore, just as the omitted first sentence would have announced, the court properly instructed the jury at the close of the evidence about the legal consequence of finding a mental condition of diminished mental capacity. That consequence is the negation of the state of mind essential to second degree murder.

We conclude that the trial court's error was not prejudicial where the jury did not find appellant guilty of the offense charged and where the jury received the diminished mental capacity instruction, MAI–CR 3.74, as well as an instruction conversing the prosecutor's verdict director as to the element of intent to commit the crime charged, MAI–CR 3.02.

We will consider appellant's second and third points together. Appellant contends that the trial court erred in giving the conventional manslaughter instruction, MAI–CR 15.18, because it did not compel the jury to find that appellant acted with criminal intent and therefore incorrectly stated the law. Appellant further asserts that the trial court erred in refusing to give the instruction on manslaughter by culpable negligence, MAI–CR 15.20. Appellant concedes that the trial court followed approved instructions and their Notes on Use. Appellant argues, however, that changes in Missouri's criminal code make the instructions and notes erroneous in their failure to require a finding of intent.

Rule 28.02(c), formerly Rule 20.02(c), demands that an applicable MAI–CR instruction be given to the exclusion of any other instruction on that subject. Appellant was charged with the offense of murder in the second degree. Notes on Use accompanying MAI–CR 15.18 mandate this instruction on manslaughter as a lesser included offense when the court submits any higher homicide to the jury. Notes on Use for MAI–CR 15.20 state that manslaughter by culpable negligence is not a lesser included offense of any other offense and that the court should use MAI–CR 15.18, not MAI–CR 15.20, when instructing upon manslaughter as a lesser included offense.

■ A trial court errs if it does not instruct the jury in compliance with MAI–CR instructions and applicable notes. *State v. Ward,* 588 S.W.2d 728, 731 (Mo.App. 1979); Rule 28.02(e). Thus, the trial court would have erred had it given MAI–CR 15.20 instead of MAI–CR 15.18. We cannot say the trial court erred in this case by giving the required instructions. *See State*

*v. Crafton,* 579 S.W.2d 662, 663 (Mo.App. 1979). Furthermore, it is not for this court to declare erroneous pattern instructions which the Supreme Court has approved for standard use. *State v. Burton,* 544 S.W.2d 60, 64 (Mo.App.1976). Appellant's second and third points are denied.

As a final point of error, appellant claims the trial court erred in failing to give MAI–CR 2.32, which defines the phrase "mental disease or defect," because the definition is required whether requested or not. Appellant urges that the failure to give this instruction had the prejudicial effect of foreclosing to him the defense of "diminished capacity."

■ Notes on Use accompanying MAI–CR 3.74, the instruction on diminished mental capacity, state that the definition of "mental disease or defect" must be given, whether requested or not, whenever the trial court submits MAI–CR 3.74 to the jury. The trial court failed to do so in this case. The prejudicial effect of that noncompliance is to be judicially determined. *State v. Billingsley,* 534 S.W.2d 484, 485 (Mo.App.1975); Rule 28.02(e). Noncompliance with Notes on Use, absent prejudice to the defendant, will not cause a reviewing court to overturn a determination of guilt by the trier of fact. *See State v. Ward,* 588 S.W.2d 728, 731 (Mo.App.1979).

■ Failure to define "mental disease or defect" cannot have had the claimed prejudicial effect of foreclosing appellant's diminished capacity defense. The defense, if successful, merely negates the state of mind necessary to the offense charged, murder in the second degree. The result of foreclosing the defense would have been to leave appellant vulnerable to a guilty verdict on the charge of second degree murder. The jury instead found appellant guilty of manslaughter. Considering this verdict, we see no possible prejudice to appellant in the trial court's failure to define "mental disease or defect."

Judgment affirmed.

GUNN and SIMON, JJ., concur.