**STATE of Missouri, Respondent,**

v.

**Thomas J. UNDERWOOD, Appellant.**

No. 43442.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 14, 1982.

Motion for Rehearing and/or Transfer
Denied Nov. 19, 1982.

Samuel W. Panos, Daniel P. Reardon, Jr., St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

CRIST, Judge.

Appeal from a conviction for assault with intent to do great bodily harm with malice aforethought. Appellant was sentenced to three years imprisonment. We affirm.

Michael O'Keefe, the victim, an employee of Halls Ferry 6 Cinema, was at this theatre at approximately closing time to direct other employees to a party after the theatre closed. Defendant and his four companions were parked at the theatre. Obscenities emanated from this parked car. Victim and another employee, Joe Kile, at the request of the manager, went to ask the occupants of the parked car if they needed help or information. Words were exchanged between the occupants and the two employees. Defendant and four others got out of the car with clubs.

When then the manager of the theatre came out to see what was happening, the occupants of the parked car focused their attention on him and attacked him with their clubs.

Victim pulled one of defendant's co-perpetrators off the manager. Defendant then hit victim in the head with a pool cue causing the cue to shatter. While victim was standing dazed, one of defendant's co-perpetrators struck him with a pipe.

Defendant took the stand in his own defense. He admitted going to the theatre to find out the names of the employees of the theatre in regard to an earlier incident involving his brother. He denied any assault.

Defendant finds fault in the admission of evidence of the assault of the manager of the theatre by defendant and his co-perpetrators. In particular, defendant points to testimony establishing that they beat the manager with clubs and a pool cue, breaking the manager's hands. Proof of the commission of a separate and distinct crime by the defendant is not admissible unless it has a legitimate tendency to establish defendant's guilt of the charge for which he is on trial. *State v. Lasley,* 583 S.W.2d 511, 517 (Mo. banc 1979).

The information detailing the assault on the manager had a legitimate tendency to establish defendant's guilt. Victim became involved by pulling defendant's co-perpetrators from the manager. This evi-

dence was also admissible to prove motive. *State v. Simmons,* 602 S.W.2d 13, 15 (Mo. App.1980). Additionally, the evidence showed a "continuous transaction" within the meaning of *State v. Williams,* 603 S.W.2d 562, 568 (Mo.1980).

■ Defendant further complains about several of the trial court's comments on the evidence made in the presence of the jury. Defendant says, in effect, the trial court interjected itself into the lawsuit to his prejudice. In support of his claim he refers to five such incidences which, he claims, were prejudicial. In *State v. Jones,* 558 S.W.2d 242, 246 (Mo.App.1977), the court stated, "the test of error . . . is whether or not the trial court's remarks may have prejudiced the minds of the jury, depriving the defendant of his right to a fair trial." Our examination of the record reveals no prejudice to the defendant. Four of the five alleged prejudicial comments by the court were proper explanations of its rulings on objections raised by either prosecution or defense counsel; and as such, were not prejudicial. *State v. Landers,* 596 S.W.2d 487, 489 (Mo.App.1980).

The fifth comment complained of was a question posed to a witness by the court. The response was stricken by the court upon objection of defense counsel. "A trial court may actively participate in the proceedings and ask questions of witnesses, if not in the manner of the prosecutor" and provided that, "it does not demonstrate by its conduct an attitude of bias or hostility against the defendant or the merits of his defense." *State v. Crafton,* 579 S.W.2d 662, 664 (Mo.App.1979). We find that the trial court's remarks, in no way, demonstrated an attitude of bias or hostility toward the defendant.

Defendant omitted all argument to his Point III Relied On. See Rule 30.06(d). He is apparently taking issue with the prosecutor's closing argument. He claims the prosecutor "made comments concerning other counts in the original indictment and information in lieu thereof, previously having been nolle prosequi."

■ Before trial, the state had dismissed one count of assault against defendant for the assault on the manager. In his concluding argument, the prosecuting attorney stated that defense counsel had only read part of the indictment and not the part dismissed. The defense counsel objected. His objection was sustained. The trial court ordered the jury to disregard the prosecutor's statements and no mistrial was requested. We find no abuse of discretion. *State v. Reynolds,* 608 S.W.2d 422, 426 (Mo. 1980).

■ Defendant takes exception with remarks made by the prosecutor in closing argument. The prosecutor argued:

The person who has a stake in the outcome of this case is the defendant, Thomas Underwood. The defendant is the only witness who had an opportunity to sit in this courtroom and listen to every other word of testimony and did you notice that he testified last? So he didn't testify before any other defense witnesses. He testified at the very end and, that way, he could work his testimony around the testimony of every other witness.

The defense counsel asked for mistrial on the ground that defendant had a Sixth Amendment right under the United States Constitution to be confronted with witnesses against him. Defense counsel asked for no other relief. This argument was proper comment on credibility of witnesses. *State v. Heinz,* 607 S.W.2d 873, 880 (Mo.App. 1980). The argument was not plainly unwarranted nor was it clearly injurious. *State v. Reynolds,* 608 S.W.2d 422, 426 (Mo. 1980).

Finally, defendant asserts plain error in the failure of the trial court to remove a venireperson from the jury panel for cause in light of the fact her mother was robbed and killed and she stated she would have trouble giving a person a fair trial if he was accused of killing someone. When she was told the trial did not involve a death, she responded emphatically to questions posed by both counsel and the court that she would be able to base her verdict solely on the evidence in the case at hand and that she could follow the court's instructions and give the defendant a fair trial.

As voir dire developed, it was revealed that this venireperson's husband was a policeman. Upon questioning on the matter, once again she stated unequivocally, that she could give the defendant a fair trial.

■ Many intangible factors going to the credibility of the juror such as demeanor and appearance, are involved in the trial court's exercise of discretion in this regard. All doubts are therefore to be resolved in favor of the trial court's decision, and we will not disturb that decision absent a clear and unmistakable showing of abuse of discretion. *State v. Ward,* 588 S.W.2d 728, 730 (Mo.App.1979).

■ The record is void of any indication of an abuse of discretion on the part of the trial court. On the contrary, the record reveals that upon questioning, this venireperson was clear in her position that she could render a fair and impartial verdict. All doubts as to the credibility of the venireperson are therefore resolved in favor of the trial court's decision. *State v. Ward,* 588 S.W.2d 728, 730 (Mo.App.1979).

Judgment affirmed.

REINHARD, P.J., and SNYDER, J., concur.