STATE of Missouri, Respondent,

v.

Alvin R. HARRELL, Appellant.

No. 45343.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 17, 1983.

Motion For Rehearing and/or Transfer Denied July 6, 1983.

Alvin R. Harrell, pro se.

James C. Jones, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George R.

Westfell, Pros. Atty., Clayton, for respondent.

CLEMENS, Senior Judge.

The state charged defendant Alvin R. Harrell with three armed robberies and a jury found him guilty. Under Section 558.-016 the court sentenced defendant as a dangerous and persistent offender to three consecutive 25 year terms in prison. He appeals.

The three victims were employees of a massage parlor in a suburban area. Two victims testified: Defendant and a companion entered their building, robbed them of money and jewelry at gunpoint and secluded them in a bathroom while making their escape. During the robbery defendant's companion slapped the manager and took down her upper clothing. Some forty days later two of the victims identified defendant in a police line-up, and did so again at trial.

Defense was alibi, obviously unbelieved.

Here on appeal defendant makes three challenges. First not dismissing the information 187 days after it was filed. Second because his counsel was ineffective. Last because the dangerous offender sentence was under a repealed statute. These in turn.

 Defendant did not move to dismiss the case prior to trial. To be dismissed under the 180-day statute, a defendant must have moved for relief before trial and show the delay was caused by the State. *State v. McClure*, 632 S.W.2d 314 (Mo.App. 1982).

Next, defendant contends trial counsel was ineffective. As defendant concedes, such a contention is basically for decision on a post-conviction motion under Rule 27.26. See *State v. Larrabee*, 572 S.W.2d 250[4] (Mo.App.1978) and *State v. Leigh*, 621 S.W.2d 515[4] (Mo.App.1981). We decline to consider defendant's second point and move on to his final point challenging application of the second offender statute.

Defendant contends that in sentencing him as a dangerous offender the trial court applied a repealed statute. The original statute Section 558.016 RSMo. was amended effective September 28, 1981. Defendant was sentenced as a dangerous offender a month later, on October 30, 1981. The original statute by its paragraph 3(2) applied to an offender who had been previously convicted of a dangerous felony. So does the amended statute. The record does not state which statute the trial court was applying. But under either the record supports the court's sentencing defendant as a dangerous offender. Final point denied.

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.