**STATE of Missouri, Respondent,**

v.

**Alvin Rey HARRELL, Appellant.**

**No. 45868.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 2, 1983.

Alvin Rey Harrell, Jefferson City, Lee T. Lawless, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

CRIST, Judge.

Appeal from a conviction of eight (8) counts of Robbery in the First Degree, § 569.020 RSMo 1978. Defendant was sentenced as a dangerous offender to eight concurrent terms of twenty-five (25) years. We affirm.

Defendant's only point on appeal is whether the trial court abused its discretion in failing to excuse for cause two veniremen who, upon initial questioning on voir dire, expressed doubt as to their ability to give defendant a fair trial in light of the use of firearms in the crime.

The prosecutor then proceeded to voir dire the two veniremen. During the course of voir dire the prosecutor identified a reservation held by most people concerning the use of firearms in the commission of a crime. After the prosecutor identified this reservation and placed it in its proper perspective, both veniremen clearly stated they were able to give defendant a fair trial. The trial court was satisfied with the veniremen's final unequivocal assertions to the effect that each would sit as an impartial juror.

**850**

Many intangible factors going to the credibility of a juror, such as demeanor and appearance, are involved in the trial court's exercise of discretion in deciding whether or not to sustain a challenge for cause. All doubts, therefore, are to be resolved in favor of the trial court's decision which will not be disturbed absent a clear and unmistakable showing of abuse of discretion. *State v. Underwood,* 642 S.W.2d 658, 661 (Mo.App.1982); *State v. Garrett,* 627 S.W.2d 635, 642 (Mo. banc 1982). We find no abuse of discretion.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.