**Alvin Rey HARRELL, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55613.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 20, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Aug. 1, 1989.

Application to Transfer Denied
Sept. 12, 1989.

Lucy G. Liggett, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent

CRIST, Judge.

Movant appeals the denial of his Rule 29.15 motion as untimely filed. We affirm.

 Movant was convicted by a jury of eight counts of Robbery First Degree and was sentenced to eight concurrent twenty-five year prison sentences. These convictions and sentences were affirmed on appeal. *State v. Harrell,* 655 S.W.2d 849 (Mo.App.1983). Movant filed his Rule 29.-15 motion with the circuit court of St. Louis County on July 5, 1988. The motion court

denied this motion on grounds it was untimely filed pursuant to Rule 29.15(m).

Movant first asserts his Rule 29.15 motion was filed on or before June 30, 1988, because movant contends he mailed his motion from the Eastern Missouri Correctional Center on June 30, 1988. Movant cites us to *Houston v. Lack*, 487 U.S. ——, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) for the proposition that the mailing of his motion constituted filing. We disagree.

*Houston v. Lack* involved the interpretation of when a notice of appeal is "filed" under Federal Rule of Appellate Procedure 4(a)(1), and is not controlling in this instance. Federal Rule 4(a)(1) is a general rule applicable to all appeals, to which the Supreme Court has created an exception for filing by prisoners acting pro se. In contrast, Rule 29.15 was promulgated by the Missouri Supreme Court specifically as a procedure for prisoners seeking vacation of their sentences. We conclude from a plain reading of the rule that movant's motion was not filed when mailed, but when it was lodged in the circuit court clerk's office, which was July 5, 1988. *See State v. Johnson*, 522 S.W.2d 106, 110[4] (Mo.App.1975) (motion for new trial not filed when mailed, but when lodged in clerk's office). The denial of movant's motion as untimely was proper. The constitutionality of the time limits of Rule 29.15(m) was upheld in *Day v. State*, 770 S.W.2d 692 (Mo.banc, 1989).

Movant further asserts the denial of his motion was error because he was not advised by the court at sentencing of his rights to file for post-conviction relief under Rule 29.15 as required by Rule 29.07. Movant's claim is meritless. Movant was sentenced in 1981, prior to the promulgation of Rule 29.15 and the asserted provisions of Rule 29.07.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.