STATE of Missouri, Plaintiff–Respondent,

v.

Kenneth Wayne ALLEN, Defendant–Appellant.

No. 16219.

Missouri Court of Appeals, Southern District, Division One.

Dec. 12, 1989.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Jon Van Arkel, Asst. Public Defender, Jefferson City, for defendant-appellant.

PREWITT, Judge.

Following jury trial, defendant was convicted of three counts of possession of controlled substances and two counts of receiving stolen property. He received concurrent sentences, the longest of which was twenty years.

In his first point defendant contends that error occurred when the trial court gave a "circumstantial evidence" instruction which deviated from MAI–CR 3d 310.02. The instruction given states:

Circumstantial evidence is the proof of facts or circumstances that give rise to a reasonable inference of other facts that tend to show the guilt or innocence of the defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict.

You should not find the defendant guilty unless the facts and circumstances proved are consistent with any reasonable theory of his innocence.

The first paragraph of MAI–CR 3d 310.02 is the same as that given. The correct second paragraph states:

"You should not find the defendant guilty unless the facts and circumstances proved are consistent with each other and the guilt of the defendant, and inconsistent with any reasonable theory of his innocence."

■ Whenever there is an applicable MAI–CR instruction it shall be given or used to the exclusion of any other instruction. Rule 28.02(c). Deviating from MAI–CR is error, its prejudicial effect to be judicially determined. *State v. Richardson*, 674 S.W.2d 161, 164 (Mo.App.1984); *State v. Mee*, 643 S.W.2d 601, 604 (Mo.App. 1982). "Error in the giving of instructions in a criminal case is deemed prejudicial unless the contrary clearly appears". *Mee*, 643 S.W.2d at 603.

In *State v. Hoskins*, 515 S.W.2d 502, 503 (Mo.1974), an instruction was given containing only the first paragraph of what was then MAI–CR 3.42 (identical to MAI–CR 3d 310.02). MAI–CR was not effective when *Hoskins* was tried but prejudicial error was found, based on *State v. Burke*, 462 S.W.2d 701, 704 (Mo.1971), because including language equivalent to the second paragraph was mandatory in a circumstantial evidence instruction.

■ The state states in its brief that "reasonable jurors would have quickly realized that Instruction 16 [the circumstantial evidence instruction] contained an error and, though [sic] the use of common sense, would have been able to figure out what it should have said. This is especially true, since during his closing argument appellant's counsel properly instructed the jury on circumstantial evidence (Tr. 281)."

The jurors would have a right to assume that the instruction meant what it said even though its meaning might have conflicted with other instructions. Defendant's counsel had not properly "instructed" the jury on circumstantial evidence, which is, of course, a function of the court. At the page in the transcript cited above by the state, defendant's attorney referred to the instruction, saying:

"An instruction was read to you on circumstantial evidence, and that instruction provides that all of the circumstantial evidence must be consistent. It says you should not find the defendant guilty unless the facts and circumstances proved are consistent with any reasonable theory of his innocence."

After the court informed defense counsel that he had two more minutes, he continued, "Well, right there, that's a confusing instruction. What does that mean? It means that you're going to have to find that all of the evidence is consistent—" Then he was again interrupted by the trial judge saying that he was sorry, that defense counsel had five minutes. Defense counsel then proceeded to talk about another instruction. There was nothing said by counsel that might have reduced the prejudicial effect of this error.

**242**

The state also contends that as all of the verdict directors required the jury to find that appellant was guilty beyond a reasonable doubt, that should suffice. We do not agree. The instruction in question could very well have confused the jury as to how they should consider circumstantial evidence.

The state further asserts that an instruction on circumstantial evidence was not required here because there was direct evidence of guilt. As stated in *Hoskins*, this court "need not decide whether such an instruction was required in this case because, if given though not required, it must be correct" and fully cover the subject. 515 S.W.2d at 503. The state finally asserts that as there was "overwhelming" evidence of defendant's guilt, the error should not be considered prejudicial. We do not agree. It cannot be said that defendant would necessarily have been convicted of all the counts.

No instruction on circumstantial evidence would have been better than the one given. Not only did the second paragraph not state what is required under the holdings in *Hoskins*, and *Burke*, it could be interpreted as saying that defendant could be found guilty even if the circumstances proved are consistent with his innocence. Thus, the instruction here was potentially more prejudicial than the instruction given in *Hoskins*.

The judgment is reversed and the cause remanded for a new trial on all counts.

CROW, P.J., and GREENE, J., concur.