**STATE of Missouri, Respondent,**

v.

**Ricky HAYES, Appellant.**

**No. WD 32122.**

Missouri Court of Appeals,
Western District.

Oct. 27, 1981.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Sandra Myers, Certified Law Student, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Nancy J. Appelquist, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and SHANGLER and WASSERSTROM, JJ.

SHANGLER, Judge.

The defendant appeals conviction for robbery second degree. The points on appeal contend that the identification of the defendant by the victim was not reliable so that her testimony was not worthy of belief and invalidates conviction. We affirm.

At about 7:00 o'clock on an October morning, as the victim waited at a bus stop, a man and woman approached and stopped there. They engaged her in talk, and asked how long she waited. The woman was to

the right of the victim and the man to the left and back, but both close by. The victim saw each of them in the face. The victim began to pay especial attention to them when her suspicion was stirred because the man asked the companion whether she had money for the bus, but she did not answer. The victim turned to look at him intently. She started to walk away from them when the woman came over to attempt to pull her purse from her arm. The man then, after some comment to the victim—apparently meant for distraction—grabbed the purse [by this time securely looped around the arm of the victim] and dragged her into the street. The victim testified that she paid special notice to the face of the defendant when they first approached the bus stop, during the conversation, and then when he went after her purse.

The police arrived within minutes. She then described the defendant [according to her version] as a white male about 5′7″ in height, 135–145 pounds in weight, slender of stature and with the dark complexion of either a Mexican or an Indian. The officer reported that the assailant was described to him as a white male, 18 to 20 years old, 5′6″ to 5′8″ in height, 120 pounds in weight, slender of stature, dark complexion and black, shoulder-length hair. Eleven days after the event, an array of photographs was displayed to the victim by the police, who promptly identified one likeness as the man who robbed her. The next day the police informed the victim that a suspect was in custody. She identified the defendant from among a lineup display of three males, two of whom were not shown in the photographs viewed earlier. The testimony was that the identification process, both by photograph and lineup, were free of suggestion. There was discrepancy between the testimony of the victim and that of the officer as to the description given one to the other. The victim testified she described the facial features of the assailant, the officer had no such recollection. Also, the reports prepared by the officer indicate the hair of the suspect as brown rather than black—an indication that the victim may have changed that aspect of description upon the re-question.

The defendant assails both the integrity of the pretrial identification procedures and the sufficiency of the trial identification evidence. The defendant contends that the pretrial identification methods were unduly suggestive so that the evidence of the witness was not reliable. The photographs, the defendant argues [rather anomalously], that all six depictions were unlike the person described by the victim, yet the victim selected the photograph of the defendant without hesitation as "looking like" her assailant. He does not say how unlikenesses can suggest a likeness. There was no evidence that the victim was directed to any particular photograph to suggest the identification of the defendant, nor that the photographs repeated the depiction of the defendant—in fact, as we say, the essence of complaint is that there was no likeness of the defendant as described by the victim at all. See *United States v. Mears*, 614 F.2d 1175, 1177[2] (8th Cir. 1980). Rather, the photographs juxtapose reasonable resemblances.

■ The defendant complains also that the lineup lacked integrity because the two who stood up with the defendant were dissimilar in aspect of height, hair length and stature. A lineup does not require exact conformity, and the disparity in a feature or two among the standees does not invalidate the array as impermissibly suggestive. *State v. Dayton*, 535 S.W.2d 479, 488[17] (Mo.App.1976); *State v. Hurst*, 612 S.W.2d 846, 851[3] (Mo.App.1981).

■ The other complaints of pretrial identification suggestiveness considered, the trial identification testimony by the victim had the marks of reliability. The testimony of her opportunity on three occasions to study the face of the defendant at the bus stop, her deliberate attention to those features, and the essentially accurate account of those observations, the certainty of the identification and the temporal proximity between the encounter at the bus stop and the identification confrontations—all color

her testimony with presumptive reliability. *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972).

The crux of the admissibility of identification evidence is reliability, not suggestiveness. *State v. Higgins*, 592 S.W.2d 151, 160[13, 14] (Mo. banc 1979). The totality of the circumstances considered, the evidence of the victim as to the identity of the defendant was admissible and violated no principle of due process.

The judgment is affirmed.

All concur.