**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Laverne HAYMON, Defendant-Appellant.**

No. 43368.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 15, 1982.

Rehearing Denied Sept. 17, 1982.

Timothy F. Devereux, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GUNN, Judge.

On his appeal from a first degree robbery conviction, defendant raises the following points: (1) error in allowing in-court identification by the victim and a photograph of the lineup as being unduly suggestive; (2) failure of the state to produce the name and address of a confidential informant; (3) the omission of the "aider and abettor" portion of MAI–CR2d 2.10. We find no reversible error and affirm the judgment of conviction.

The jury could find from the evidence that defendant and a companion entered a St. Louis grocery store. Defendant pointed a gun at a store clerk, demanded and was given money from the cash register. During the robbery, a scarf covering defendant's chin fell down three times, revealing defendant's face and the fact that his chin was substantially disfigured. During the course of the robbery, an estimated five to ten minutes, the clerk's attention was riveted on defendant as he was displaying the gun. After the robbery, the clerk gave a generally accurate description of defendant

to police, noting particularly the scarred chin. Two months later the clerk identified defendant in a police lineup. She also made a positive in-court identification of him at trial.

Defendant first challenges the identification procedures, charging that the lineup was inherently suggestive, as the defendant was the only person present with a scarred face.

The lineup procedures attacked here were not impermissibly suggestive. When the police brought the clerk to the lineup, they merely told her that they had a suspect in custody. Upon viewing the lineup, she stated that everything flashed back, and there was no doubt that defendant was one of the robbers.

■ It is unreasonable to assume that the members of a lineup can be identical in appearance. Dissimilarity in physical appearance alone is insufficient to establish impermissible suggestiveness. *State v. Pennington,* 618 S.W.2d 614, 620 (Mo.1981); *State v. Hayes,* 624 S.W.2d 488, 489 (Mo. App.1981). Further, if the defendant has some type of inherent physical abnormality or distinctive appearance, no lineup or photographic array can provide subjects reasonably close in appearance. In such case, as we have here, the likelihood of misidentification may be nonexistent, regardless of the circumstances of the confrontation. *State v. Sanders,* 621 S.W.2d 386, 389 (Mo. App.1981). *See also State v. Hastings,* 628 S.W.2d 678 (Mo.App.1982), in which the defendant was the only man in a lineup with a shaved head and no facial hair.

■ We also find that the in-court identification was admissible, as there was an independent basis for it, including all proper reliability factors as set forth in *State v. Higgins,* 592 S.W.2d 151, 160 (Mo. banc 1979), *appeal dismissed,* 446 U.S. 902, 100 S.Ct. 1825, 64 L.Ed.2d 254, and *State v. Johnson,* 628 S.W.2d 904, 908–09 (Mo.App. 1982). The two month span between the robbery and lineup is not significant under the circumstances of this case and did not maculate the identification procedures. *See*

*State v. Charles,* 612 S.W.2d 778, 780 (Mo. banc 1981) (lineup was eight months after the crime). We conclude that neither the lineup nor the in-court identification bears blemish.

■ Defendant next assigns as error the trial court's refusal to order the state to divulge the identity of a so-called confidential informant. Defendant alleges that a police report revealed that an informant told the owner of the grocery store of overhearing defendant's co-participant and another man, Herbert Davis, boasting that they had committed the robbery. In a hearing on defendant's motion for disclosure, defendant argued that this was exculpatory evidence required to be disclosed. The court determined that disclosure would unnecessarily enlarge the scope of discovery.

Under the particular circumstances of this case, the matter of compelling disclosure of the informant's identity was within trial court discretion. *State v. Simpson,* 611 S.W.2d 556, 559 (Mo.App.1981). This was not a police informant, and it was not known whether the state could find the true identity of the individual. In fact, the means of possibly discovering any such identity were as much available to defendant as the state. This was not a situation in which an informant had either witnessed or participated in a crime. *See State v. Higgins,* 592 S.W.2d at 161–62; *State v. Meister,* 630 S.W.2d 605, 606 (Mo.App.1982). Thus, there was no abuse of trial court discretion in refusing to direct a disclosure of the so-called informant, if, indeed, disclosure would have revealed anything.

Finally, defendant objects to the omission of paragraph 2—the aider provision—from MAI–CR2d 2.10. There is no basis for complaint.

■ Notes on Use 4 to MAI–CR2d 2.10 deals directly with paragraph 2. It states that paragraph 2 should be given only where the defendant is charged with a second offense, such as when the defendant is responsible for offenses committed by others but other than the offense initially

contemplated by the defendant. Here, defendant was charged with only one offense, and the added paragraph was unnecessary.

The evidence produced by the state was that the defendant was an active participant in the crime—not an aider and abettor. The state therefore assumed a greater burden than mere proof of an aider, and no prejudice resulted to defendant. Any alleged error was to his advantage. *State v. Murray,* 630 S.W.2d 577, 579–80 (Mo. banc 1982); *State v. Tolson,* 630 S.W.2d 611, 613 (Mo.App.1982).

Judgment affirmed.

DOWD, P.J., and SIMON, J., concur.