**STATE of Missouri, Respondent,**

v.

**Allen PRICE, Appellant.**

No. 47775.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 16, 1985.

David Lawrence Hoven, Private Atty., Ballwin, for appellant.

Kristie Lynne Green, Atty. Gen., Jefferson City, for respondent.

REINHARD, Chief Judge.

Defendant was convicted by a jury of first degree robbery and armed criminal action. The trial court sentenced defendant to twenty years on the first degree robbery charge and five years on the armed criminal action charge, the sentences to run consecutively. On appeal he argues that (1) the trial court erred in overruling defendant's motion to suppress identification; and (2) the trial court erred in refusing to submit a separate identity instruction. We find no error and affirm the judgment of conviction.

On November 17, 1982, a man entered the Utah Food Market in the city of St. Louis and ordered a carton of cigarettes from the night manager, Mary Lotz. As she turned to hand the cigarettes to the man, he was pointing a gun at her and demanded money. Lotz gave him the money out of the cash register. The man then ordered her to lie down behind the counter, and he fled. Lotz estimated that the incident took about five minutes.

Following the robbery, Lotz called the police and gave them a description of the man, including the fact that he had two purple scars on his right cheek. Approximately four days after the robbery, the police called Lotz to the station for the purpose of viewing a lineup. Lotz picked defendant as the robber out of the five men in the lineup. The five men were of similar height, weight, and dress, and each had a mustache. Lotz recognized two purple scars on the defendant's cheek, and also noticed bruises and cuts on the defendant's face which were not on the robber.

Defendant was charged with first degree robbery and armed criminal action. At trial Lotz testified about the robbery and the lineup. She testified that although defendant was the only man in the lineup with a scarred and bruised face, she was not attracted to him because of his facial damage but because "[she] recognized him as the man that robbed [her]." Lotz also made an

in-court identification of the defendant. The defendant did not testify.

Defendant first contends that the pre-trial lineup was impermissibly suggestive, thus rendering the in-court identification unreliable. Defendant asserts that the lineup was suggestive because he was the only man with a scarred and bruised face which attracted the witness' attention to him.

■ To suppress an in-court identification, two questions must be answered affirmatively: (1) whether the pre-trial identification procedures employed by the police were impermissibly suggestive, and (2) if so, whether they were so impermissibly suggestive as to create a very substantial likelihood of an irreparable misidentification at trial. These questions are to be answered in light of the "totality of the circumstances." *State v. Higgins*, 592 S.W.2d 151, 159 (Mo. banc 1979), *appeal dismissed* 446 U.S. 902, 100 S.Ct. 1825, 64 L.Ed.2d 254 (1980).

■ We do not agree that the pre-trial lineup procedure was impermissibly suggestive. Lotz was shown five men of similar height, weight and dress. Each had a mustache. It is true that defendant was the only man with a scarred and bruised face. But dissimilarity in physical appearance between individuals composing a lineup, standing alone, is insufficient to establish impermissible suggestiveness. *State v. Pennington*, 618 S.W.2d 614, 620 (1981); *State v. Burns*, 671 S.W.2d 306, 310 (Mo.App.1984); *State v. Haymon*, 639 S.W.2d 843, 845 (Mo.App.1982). This case is virtually identical to *Haymon* where the defendant had a severely scarred chin. There, the court stated "if the defendant has some type of inherent physical abnormality or distinctive appearance, no lineup or photographic array can provide subjects reasonably close in appearance. In such case, as we have here, the likelihood of misidentification may be nonexistent, regardless of the circumstances of the confrontation."

It is unreasonable to expect the police to assemble a lineup where each man has a facial scar. All that is required is a reasonable effort to harmonize the lineup. *State v. Burns*, 671 S.W.2d at 310.

■ We also find that there was an independent basis for admitting the in-court identification, since it was reliable regardless of any alleged suggestiveness in the pre-trial lineup. In considering the reliability of in-court identification testimony several factors should be considered under the totality of the circumstances: (1) The opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. *State v. Higgins*, 592 S.W.2d 151, 160 (Mo. banc 1979), *appeal dismissed* 446 U.S. 902, 100 S.Ct. 1825, 64 L.Ed.2d 254 (1980). Considering these factors in the present case, it is clear that Lotz' in-court identification was reliable. She had five minutes to observe the robber during the crime, separated only by a counter. She was attentive during the robbery, as evidenced by her detailed description and her testimony that she remained "amazingly calm" during the incident. She identified the defendant in court without hesitation, and testified that she recognized him at the pre-trial lineup, which was only four days after the robbery. For these reasons, we hold that the pre-trial lineup was not impermissibly suggestive, and in any event the witness' in-court identification was reliable.

■ The defendant's second point is that the trial court erred in refusing to submit a separate cautionary identity instruction based on that in *United States v. Telfaire*, 469 F.2d 552 (D.C.Cir.1972). No such instruction is required where other MAI–CR2d instructions have adequately presented defendant's theory of innocence. We have addressed and rejected this point numerous times. *See, e.g., State v. Moton*, 671 S.W.2d 347 (Mo.App.1984); *State v. McCain*, 662 S.W.2d 864 (Mo.App.1983); *State v. Cotton*, 660 S.W.2d 365 (Mo.App.

1983); *State v. Hutton,* 645 S.W.2d 22 (Mo. App.1982).

Judgment affirmed.

DOWD and CRANDALL, JJ., concur.