**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Darrin MONEY, Defendant-Appellant.**

**No. 49170.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 23, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 16, 1985.

Application to Transfer Denied
Oct. 16, 1985.

James S. McKay, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Defendant appeals his conviction of robbery first degree. He was sentenced to a term of ten years imprisonment. We affirm.

On August 6, through 9, 1984, defendant was tried on the charge of robbery first

degree before the Honorable Brendan Ryan, Circuit Judge presiding. The state's evidence at trial consisted of the testimony of six witnesses. The defense rested without introducing any evidence.

Marianna Riley, Nancy Riley and Allen Baker testified that on the evening of November 17, 1983, they were walking on McPherson Avenue in St. Louis when defendant and James King walked by them. As the Rileys and Baker approached their car, these two men confronted them and announced a robbery. Defendant held a gun and King grabbed Marianna Riley's purse while she screamed.

The two men ran off with Baker running after them. A passerby, Joseph Slay, heard Marianna's screams and observed the flight of the two men with Baker in pursuit. King entered an automobile, license number JCK–601, on McPherson Avenue. Slay pursued that auto in his own car before giving up the chase to call the police. The car King fled in was stopped in Illinois, with defendant and King inside, on November 19, 1983. The police subsequently arrested defendant and King.

Marianna Riley identified defendant and King as being the men who passed her on McPherson Avenue immediately before the incident. She identified King as the one who took her purse from her shoulder. Nancy Riley identified defendant at a police line-up and at trial as the man who held a gun on Marianna during the robbery. Baker made a similar identification of defendant as being the man with the gun. Baker also identified James King as the person who grabbed Marianna Riley's purse. Slay identified James King at a police line-up as being the man he chased in his automobile.

During voir dire in the court below, the court granted the state's motions to strike venireman John McDaniels and Dwight Jenkins for cause. The court, as well as the attorneys for the state and the defendant questioned these veniremen.

At the close of the state's evidence, the state offered its verdict director on the charge of robbery first degree. This instruction ascribed each element of the offense to "defendant or James King." Defendant's counsel objected to this language as failing to "match the proof" at trial. The court offered the instruction as instruction Number 5 over defendant's objection. The jury returned a verdict of guilty and recommended a sentence of ten years in the Missouri Department of Corrections. On September 7, 1984, defendant's motion for new trial was denied and defendant was sentenced by the court to ten years. Defendant takes his appeal from this judgment and sentence.

## I.

Defendant first asserts that the trial court abused its discretion in granting the state's motions to strike two veniremen for cause.

Well established principles governing jury selection exist in this state. "[The criminally accused has a right to] fair and impartial jurors who will follow the law. To protect the defendant's right to a jury free from objectively demonstrated and subjectively sensed partiality, he must be afforded a full panel of qualified veniremen from which to make his allotted pre-emptory challenges." *State v. Smith*, 649 S.W.2d 417, 421–22 (Mo. banc 1983).

The trial court has wide discretion in determining the qualifications of a venireman. Its decision will not be disturbed on appeal absent a clear abuse of discretion and real probability of injury to the complaining party. [649 S.W.2d 417 (Mo. banc 1983); *State v. Jones*, 384 S.W.2d 554, 658 (Mo.1964) (and cases cited therein) ].

Defendant argues that the trial court should have found veniremen McDaniels and Jenkins to be qualified jurors. We disagree and hold that the trial judge did not abuse his discretion or err in dismissing McDaniels or Jenkins for cause.

In the case at bar, the trial judge carefully listened to the veniremen's responses while observing each's demeanor. Based upon an evaluation and interpretation of this observation, the trial judge found ve-

niremen McDaniels and Jenkins unqualified as to whether they could be fair and impartial. Defendant's contention that the court dismissed the veniremen for cause without providing a rationale for doing so has no merit. As *Smith* points out:

A clear line cannot be drawn for all cases as to when a challenge for cause should be sustained; ... a determination by the trial judge of the qualifications of a prospective juror necessarily involves a judgment based on observation of his demeanor and, considering that observation, an evaluation and interpretation of the answers as they relate to whether the venireman would be fair and impartial if chosen as a juror. [649 S.W.2d at 422 (Mo. banc 1973)]; *State v. Cuckovich*, 485 S.W.2d 16, 22–23 (Mo. banc 1972). Because the trial judge is better positioned to make that determination than are we from the cold record, doubts as to the trial court's findings will be resolved in its favor. [649 S.W.2d at 422].

Giving due deference to the discretion of the able trial judge, we believe the record supports his finding:

Venireman McDaniels indicated that he himself was presently charged with an offense and that it possibly could affect his decision in the case. McDaniels further stated that he had friends who believed the court treated them unfairly in regards to other crimes. Mr. McDaniels later concluded that these experiences would not affect his ability to be fair.

Venireman Jenkins indicated a number of factors which clearly demonstrated his inability to sit as an able juror in defendant's trial. First, he indicated that his sister had formerly been a victim of a crime. Second, he indicated that he had himself participated in robberies when he was young. Third, he stated that he had been treated for depression and had previously received medication for that condition. He stated he was not under treatment or receiving medication at the time of defendant's trial, but was presently attempting to get help from a federal agency. Finally, Mr. Jen-

kins admitted to receiving a fine as a result of a trial verdict, and also to not paying the fine.

█ Because each venireman concluded that their experiences would not affect their abilities to be fair or impartial, defendant also contends the court abused its discretion in holding otherwise. Defendant's contention is incorrect. A trial judge's determination should be based on facts stated by the venireman and not upon the conclusions of the juror as to whether he could divest himself of a prejudice he admitted to exist in his mind. *State v. Savage*, 621 S.W.2d 116, 118 (Mo.App. 1981); *State v. Lovell*, 506 S.W.2d 441, 444 (Mo. banc 1974); 384 S.W.2d at 558 (Mo. 1969).

Defendant argues in his brief that jurors who are not biased or prejudiced, and who will be fair and impartial, should not be stricken for cause. He contends that to do so would have the effect of depriving the defendant of his right to a full panel of qualified jurors prior to exercising his peremptory challenges.

Defendant additionally alleges that striking fair and impartial prospective jurors on the motion of a party has the unlawful effect of increasing that party's peremptory challenges. Having held that the trial judge properly found veniremen McDaniels and Jenkins unqualified as jurors, we find these contentions without merit.

## II.

Defendant next claims the trial court erred by giving the state's verdict directing instruction because the instruction deviated from the Notes on Use in MAI–CR2d 2.12.

█ Rule 30.06(e) provides: "If a point relates to the giving, refusal, or modification of an instruction such instruction shall be set forth in full in the argument portion of the brief." Defendant failed to set out the applicable instruction in his argument as required above. Thus, the purported point is not subject to review by this court. *State v. Applewhite*, 637 S.W.2d 312, 313 (Mo.App.1982); *State v. Swink*, 620 S.W.2d

63, 64 (Mo.App.1981); *State v. Nicolosi,* 588 S.W.2d 152, 157 (Mo.App.1979).

■ However, even had defendant complied with the requirements of Rule 30.-06(e), we conclude defendant's conviction cannot be overturned. Defendant contends the court erred because the instruction deviated from the Notes on Use in MAI–CR2d 2.12. Note on Use 6(b) reads:

> Where the evidence shows the defendant and another person or persons jointly committed the conduct of the offense, each element from the verdict director for the offense should be ascribed (as supported by the evidence) to (1) the defendant, (2) the defendant and the other person or persons, (3) the defendant or the other person....
>
> In general, where the evidence shows a joint commission of an offense ... ascribe the elements to the defendant *and* the other person or persons. If the evidence is not clear as to which person committed the particular elements (as where the defendant is charged with robbery and the evidence shows that two persons, one of whom was the defendant, held up a store but it is not clear which one held the gun and which one took the money) ascribe the elements to the defendant *or* the other person.... (emphasis added).

The submitted instruction at bar used the disjunctive phrase, "defendant *or* James King," in ascribing the various elements of the crime. However, the evidence at trial showed a joint commission of the offense, where it was clear as to which person committed the distinct elements. The evidence clearly indicated that it was James King who grabbed Marianna Riley's purse while defendant held the gun. Therefore, as the above Note on Use suggests, the elements of the offense should have been ascribed to the "defendant *and* James King."

The prejudicial effect of noncompliance with a Note on Use is to be judicially determined. *State v. Mee,* 643 S.W.2d 601, 604 (Mo.App.1982). "Noncompliance with Notes on Use, absent prejudice to the defendant, will not cause a reviewing court to overturn a determination of guilt by the trier of fact." 643 S.W.2d at 604.

Failure to use the conjunctive "and" instead of the disjunctive "or" had no prejudicial effect on defendant in this case. Contrary to defendant's contention, the instruction was neither confusing or misleading. A plethora of evidence showed defendant to be present and acting with James King when he robbed Marianna Riley. There being no manifest injustice or miscarriage of justice, we affirm the judgment of the trial court.

CARL R. GAERTNER and KAROHL, JJ., concur.