**STATE of Missouri, Respondent,**

v.

**Donald HENDERSON, Appellant.**

**No. WD 36632.**

Missouri Court of Appeals,
Western District.

Feb. 11, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 27, 1986.

Application to Transfer Denied
May 13, 1986.

207

Sean D. O'Brien, Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Philip Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, P.J., and PRITCHARD and BERREY, JJ.

BERREY, Judge.

Defendant was convicted of robbery in the first degree by stealing money orders and cash from a 7–Eleven store.

Defendant raises three points on appeal: (1) the court erred in overruling defendant's motion to strike for cause of certain prospective jurors; (2) the trial court failed to suppress the victim's identification of defendant; and (3) the trial court failed to grant a new trial on newly discovered evidence.

The facts are as follows: Kenneth Woodward was employed by Southland Corporation and worked at a 7–Eleven store located at 24th and Van Brunt, Kansas City, Missouri. On December 9, 1984, he went to work at 11:00 p.m. and was the sole employee on duty. He was to mop, clean "the store front and face," stock coolers, price items and take care of customers. At approximately 2:00 a.m., December 10, 1985, as he was mopping the floor he noticed a negro male, dressed in a green army jacket, blue jeans and a blue baseball cap, approaching the store. The man entered the store and said he needed a $25 money order. Woodward was three feet from him

as they discussed money orders and during the entire conversation he was looking at the man's face. Woodward then went behind the counter and rang up the $25 money order. As Woodward began to write down the serial number he was told to give the man all the money orders. Woodward looked over and saw a gun. At this juncture in his testimony, over objection, Woodward identified the man who robbed him as the defendant, Donald Henderson, and pointed him out to the jury. Defendant ordered Woodward to step back from the counter. Woodward did as ordered and defendant opened the cash register and grabbed the money. Woodward then identified state's exhibits 1 and 2. Exhibit 1 was a photo of the defendant taken as Woodward stepped away from the register and both he and defendant are in the photograph. Exhibit 2 is a photograph of victim and defendant with defendant's "gun laying on the counter as he was reaching over the counter...." Both exhibits were received in evidence without objection. Woodward also picked defendant from a pre-trial lineup to which the defendant objected. From this evidence the jury convicted defendant and assessed punishment at ten years.

■ Defendant complained the trial court erred by not striking for cause three veniremen, two of whom had been exposed to criminal acts and one whose son managed a Quick-Trip store in Wichita.

During voir dire, Helen Martin stated she had a car stolen ten years ago. She also said her son was a manager of a Quik-Trip store. She stated that though she knew the danger faced by clerks in stores such as Quick-Trip or 7–Eleven, she would follow the evidence and follow the law.

Mrs. Miller, another venireperson, stated her father owned a pharmacy and it was broken into and vandalized on several occasions. She stated she would try to set this aside and try the case solely on the evidence. Venireperson Stalling said she and her husband owned a twenty-four hour cafe and service station at Wellington in Lafayette County. On one occasion while she was tending the store, her husband called to tell her that the two men in the store were wanted for robbery and the station was surrounded by police. She asked the two men to watch the cash drawer and she excused herself to the bathroom. Whereupon the police entered and captured the two suspects. She stated that she would try and follow the instructions from the court and follow the law.

It is well settled that a juror is not disqualified because he has been a crime victim. If, however, that experience interferes with or prevents him from basing his verdict solely on the evidence and giving both parties a fair trial, then he should be excused on the defendant's challenge for cause. *Humphrey v. State*, 502 S.W.2d 251, 253–254 (Mo.1973). The trial court has wide discretion in determining the qualifications of a venireman and absent clear abuse of discretion and a favorable prospect of injury to the defendant that discretion will not be disturbed on appeal. *State v. Money*, 697 S.W.2d 269, 270 (Mo.App. 1985). Here the trial judge observed each juror's demeanor and heard their responses. Based upon his observation, evaluation, and interpretation of the responses, the trial judge found the veniremen were qualified to be fair and impartial.

Cited by the state herein and the court in *Money, supra*, is *State v. Smith*, 649 S.W.2d 417, 422 (Mo. banc 1983), *cert. denied*, 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983), wherein the court held:

A clear line cannot be drawn for all cases as to when a challenge for cause should be sustained; there will be instances in which an appellate court might have done differently but cannot say there was an abuse of discretion; each case must be judged on its particular facts; a determination by the trial judge of the qualifications of a prospective juror necessarily involves a judgment based on observation of his demeanor and, considering that observation, an evaluation and interpretation of the answers as they relate to whether the venireman would be fair and impartial if chosen as a juror.

*State v. Cuckovich*, 485 S.W.2d 16, 22–23, (Mo. banc 1972). Because the trial judge is better positioned to make that determination than are we from the cold record, doubts as to the trial court's findings will be resolved in its favor.

Giving due regard to the trial court's vantage point in judging the veniremen's credibility and demeanor, the record supports his decision not to sustain defendant's motion to strike veniremen Martin, Miller and Stalling for cause.

■■■ Defendant raises Point II in an obvious effort to cloud an otherwise clear and plain case of identification.

It is inconceivable, as the defendant alleges, that the victim based his identification solely on an alleged suggestive lineup. This is especially true since photographs, exhibits 1 and 2, received in evidence without objection, depict the victim and the defendant who is reaching into the till with one hand and resting his other hand, which is holding the gun, on the counter.

There is not the slightest hint of an impermissible suggestive lineup. The defendant complains all the participants did not look alike. What a world it would be if we all looked alike. Indeed the court recognized this in *State v. Little*, 674 S.W.2d 541, 545 (Mo. banc 1984), when it stated "Identical appearance is not required, and indeed, is impossible." So often it has been held that there is no constitutional mandate that lineups be conducted with look-alikes that it should be unnecessary to repeat. *State v. Kirk*, 636 S.W.2d 952, 954 (Mo. 1982); *State v. Hayes*, 624 S.W.2d 488, 489 (Mo.App.1981).

The defendant makes much of the fact Woodward did not see a scar over his right eye during the robbery. The victim said he was frightened and that defendant was wearing a baseball cap. Viewing state's exhibits 1 and 2, (defendant's exhibits 4 and 5) blow-ups of the actual robbery, the court notes the baseball cap certainly could have obscured the victim's view of the alleged scar. The fact that the victim did not observe a crescent tatoo on defendant's right

hand, the hand holding a .38 caliber revolver, is likewise not persuasive nor is the fact he did not remember the logo on defendant's baseball cap.

The state has shown the independent basis for the identification, and the complete lack of any suggestive influence by anyone directing the victim to select defendant as the robber. Additionally, the victim positively identified the defendant in court.

Q. In fact, Mr. Woodward, at this time, do you see the man in the courtroom who told you he wanted the money orders?

A. Yes, sir.

MR. ROGERS: Objection, grounds previously raised.

THE COURT: Overruled.

Q. (By Mr. Komoroski) Could you tell the jury what that man is wearing?

A. He is wearing blue pullover shirt, bluejeans.

Q. Seated at the counsel table?

A. Yes, sir.

MR. KOMOROSKI: Your Honor, may the record reflect the witness has identified the defendant, Donald Henderson.

THE COURT: The record shall so reflect.

Q. (By Mr. Komoroski) Now, we are at the point, Mr. Woodward, where the defendant has requested or told you to give him all the money orders. What did you do at that point?

A. I looked over and seen a gun pointed at my side.

Regardless of defendant's failure to specifically object to the identification as set out above and even if the lineup was unbalanced and suggestive, there was ample evidence presented to substantiate the victim's in-court identification of defendant. Woodward saw defendant full face for three minutes or more and identified him at the lineup within thirty days after the robbery.

The lighting was good. The lineup was not suggestive. In *State v. Young*, 534 S.W.2d 585, 589 (Mo.App.1976), the court noted that an identification from thirty feet

under good light for three seconds was a substantial independent basis for a witness to identify a defendant.

■ Next the defendant asserts trial court error in not reopening the case and granting a mistrial because of newly discovered evidence to wit: three latent fingerprints from the inside glass door of the 7–Eleven store that did not match the defendant's fingerprints.

This point is denied. First, defendant filed this motion fifty-eight days after the verdict. Secondly, it is quite without merit or substance, is not material, and would not likely produce a different result if the cause were retried. Since the three latent prints did not match any of the more than 5,000 sets of prints they were compared with, it is quite possible, even virtually probable, that the prints were left there by customers. Since the state did not present any fingerprint evidence at trial, these three unidentified prints standing alone have no probative value whatsoever.

■ The verdict was returned on December 6, 1983, and defendant was given twenty-five days to file his motion for a new trial, which he filed December 28, 1983. On February 2, 1984, defendant filed a supplemental motion for a new trial. This motion was fifty-eight days after the jury verdict and clearly out of time and as such the trial court was without jurisdiction to entertain it. In *State v. Turnbough,* 604 S.W.2d 742, 745 (Mo.App.1980), it was held that a claim of newly discovered evidence must be timely raised in a new trial motion.

The court erroneously granted defendant a hearing on his supplemental motion as the trial court was without authority to extend the time in which to file a motion for a new trial. Rule 29.11(b).

The general rule regarding newly discovered evidence is succinctly set forth in *State v. Davis,* 698 S.W.2d 600, 602 (Mo. App.1985). Motions filed out of time are nullities preserving nothing for review and can be reviewed only under plain error. *State v. Vedder,* 668 S.W.2d 639, 640 (Mo.

App.1984). There is no plain error in the instant case.

To obtain a new trial based on newly discovered evidence the movant must establish the following:

1. The newly discovered evidence has come to light after the trial has concluded.
2. Movant's lack of prior knowledge was not due to lack of diligence on his part.
3. Evidence is so material that it will probably cause a different result to be reached at a new trial.
4. The evidence is not cumulative or impeaching in nature.

*State v. Johns,* 679 S.W.2d 253, 266 (Mo. banc 1984).

The newly discovered fingerprint evidence would not be likely to produce a different result on retrial and the evidence could only be considered as impeaching in nature.

In addition to its other infirmities, the motion for new trial on the basis of newly discovered evidence was unsupported by affidavit or other proof as required by *State v. Batek,* 638 S.W.2d 809, 813 (Mo. App.1982); *Morgan v. Wartenbee,* 569 S.W.2d 391, 398 (Mo.App.1978).

Although the trial court erred in permitting argument on the untimely filed supplemental motion, it did not err in denying defendant's motion for a new trial based on newly discovered evidence.

Judgment affirmed.

All concur.