**STATE of Missouri, Respondent,**

v.

**Julian MOLINA, Appellant.**

**No. WD 40542.**

Missouri Court of Appeals, Western District.

March 7, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1989.

Application to Transfer Denied June 13, 1989.

verdict to eleven years' imprisonment on the manslaughter count and to six years' imprisonment on the armed criminal action count. The court made the sentences consecutive.

Appellant has appealed charging two instances of trial error which he says entitle him to reversal.

To the sufficiency of the evidence there is no challenge, so we may state the facts briefly.

Appellant, known as "Colorado", was one of 15 or 20 Hispanic men who had come together in an unplanned gathering at Jarboe Park during the evening of October 31, 1986. The men seemed to be acquainted with each other, but in some cases only slightly acquainted. The main activity of the gathering was beer drinking, and some of the men became intoxicated.

During the evening after dark but before 8:00 o'clock, a fistfight broke out between Juan Ramirez and another man. Appellant Colorado intervened and brought the fight to a stop by knocking Ramirez unconscious by a blow to the face or head with some object, said by one witness to have been a gun.

Carlos Zambrano, another participant in the fellowship, protested Colorado's intervention on the ground that neither of the antagonists was at an unfair disadvantage. Colorado shot Carlos through the chest, inflicting a wound from which Carlos soon died.

Colorado, holding the gun before him, walked backward to his nearby pickup truck and drove away. The others also fled the scene. Several of them were illegal aliens and wanted especially on that account to avoid the notice of the police.

The first point of error grows out of the efforts of the police to identify Colorado. They learned the identity of some of the young men at the gathering and learned from them that it was Colorado who had shot Carlos. These witnesses were slightly acquainted with Colorado but they did not know him by any other name. The police secured from Mrs. Molina, appellant's wife, a photograph of appellant.

Robert G. Duncan, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, C.J., and SHANGLER and GAITAN, JJ.

KENNEDY, Chief Judge.

Appellant Julian Molina was found guilty upon jury trial of voluntary manslaughter (Sec. 565.023, RSMo 1986) and armed criminal action (Sec. 571.015.1, RSMo 1986). He was sentenced in accordance with the jury

This photograph was presented to the two witnesses, who identified the subject of the photograph as Colorado.

Appellant moved the court to suppress "all identification evidence leading from and as a result of the use of photographs, including the photograph of this defendant ..." The appellant says the overruling of this motion to suppress was error.

We find no error in the court's overruling of the motion to suppress. The appellant cites cases which deal with the identification by an eyewitness of a defendant who was unknown to the witness, and he undertakes to identify the perpetrator of a crime from a photograph displayed to him by the police. The argument is often made in such cases that the police procedure was overly suggestive, that it led the witness to make an erroneous identification which became fixed and irreparable. Where the evidence sustains this argument, it is the duty of the court to suppress the identification evidence resulting therefrom. *State v. Price*, 689 S.W.2d 380, 382 (Mo.App.1985); *see also State v. Young*, 701 S.W.2d 490, 495 (Mo.App.1985).

This, however, is not such a case. Colorado was known to the witnesses, and the witnesses knew and could testify that it was Colorado who had shot Carlos. The photograph was used only to identify Colorado to the police as Julian Molina. There is no valid objection to this use of a photograph, and the trial court was not in error in denying defendant's motion to suppress the same. *State v. Jackson*, 594 S.W.2d 623, 625 (Mo.1980); *State v. Thomas*, 705 S.W.2d 579, 582 (Mo.App.1986); *State v. Jones*, 643 S.W.2d 34, 36-7 (Mo.App.1982); *State v. Goff*, 516 S.W.2d 818, 820-21 (Mo. App.1974).

█ Appellant's second point is that the court erred in allowing Detective Fortney to testify that on November 18 he had called the police department in El Paso, Texas, and had asked a detective to go to the home of a Ms. Galvin and look for a white Chevy Blazer, which they believed belonged to appellant.

This was clearly error but we do not believe appellant was prejudiced by its ad-

mission. There is no reason to think that the jury understood this testimony to indicate that the police believed appellant himself had taken flight to Texas. Appellant had been seen driving two different vehicles, one of which (not the Chevy Blazer but a red and white pickup truck) was parked at his house on November 1, the day after the shooting, when the police were there and secured appellant's photograph from his wife. There was no evidence whether appellant had yet on November 18 been arrested for the crime of shooting Carlos. As appellant says in his brief, the testimony about the November 18 call to the El Paso police department "teased the jury with some thought about Texas and the Defendant and tended to distract the jury from the issues." But we cannot think that it prejudiced appellant's defense in any way. *State v. McLarty*, 467 S.W.2d 58, 60-1 (Mo.1971); *State v. Hoy*, 570 S.W.2d 697, 699-700 (Mo.App.1978); *State v. Scott*, 560 S.W.2d 879, 881-82 (Mo. App.1977).

The judgment is affirmed.

All concur.